UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

STUART DIZAK,

       Petitioner,

  v.                                                      16-CV-314(LJV)
                                                         DECISION AND ORDER

BRIAN MCAULIFFE,

       Respondent.
_____

## **INTRODUCTION**

*Pro se* petitioner Stuart Dizak has petitioned this Court, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction entered in Monroe County Court (State of New York) on October 23, 2009. Docket Item 1. There he was convicted upon a jury verdict of two counts of conspiracy to commit murder in the second degree (N.Y. Penal Law § 105.15) and two counts of criminal solicitation in the second degree (*id.* § 100.10).[1] Docket Item 1 at 1 (¶ 5).

After initial review, on June 24, 2016, this Court dismissed Ground Two of the petition—the omission of "jury note #1" from the trial transcript—because Dizak was plainly not entitled to relief under § 2254 on that ground. Docket Item 13 at 7-11; *see* 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. This Court also observed that the petition's remaining grounds apparently were time barred pursuant to 28 U.S.C. § 2244(d)(1)(A).[2] *Id.* at 13.

---

[1] *People v. Dizak*, 2009-0393 (Monroe Cty. Ct. 2009).
[2] Grounds One, Three, and Four of the petition allege: (One)—the trial court failed to return the petitioner to the courtroom before discussing a jury note that requested the

Consistent with the directive of the Second Circuit, however, this Court did not dismiss the petition but instead provided Dizak an opportunity to be heard and ordered him to show cause why the remaining grounds of the petition should not be dismissed as time barred. *See Acosta v. Artuz*, 221 F.3d 117, 124-26 (2d Cir. 2000); Docket Item 13 at 12-13. Dizak was invited specifically to address any issues relevant to timeliness, including "equitable tolling" or any exception to the statute of limitations. *Id.* at 13 (citing *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (equitable tolling) and *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-36 (2013) (actual innocence)).

On August 1, 2016, Dizak filed a motion to reconsider the order of the Northern District of New York transferring the petition to this Court. Docket Item 17. In addition, he replied to this Court's Decision and Order on August 29, 2016. Docket Item 23. Both before and after that date, he also filed a number of letters and submissions addressing the issues raised in this matter. *See* Docket Items 8, 10-11, 14, 16, 18, 20, 22, 24-26.

For the following reasons, Dizak's motion to reconsider is denied, and Grounds One, Three, and Four of the petition are dismissed as untimely pursuant to 28 U.S.C. § 2244(d)(1)(A). Because Ground Two of the petition was dismissed for the reasons stated in this Court's June 24, 2016 Decision and Order, the petition now is denied in all

---

definition of conspiracy; (Three)—the trial court erred in admitting an inaudible CD, along with "replacement testimony"; (Four)—the prosecutor replaced the actual charge of conspiracy with kidnapping. Docket Item 1 at 5-6, 8-10. The Court noted that although on its face Ground Two may have been timely, the other claims appeared to be time barred. Because the statute of limitations applies on a claim-by-claim basis, *see Pace v. DiGuglielmo*, 544 U.S. 408, 416 n.6 (2005); *Tucker v. Nichols*, 2011 WL 841360, at *3 (N.D.N.Y. Mar. 8, 2011), this Court addressed the timeliness of Grounds One, Three, and Four separately. Docket Item 13 at 4.

2

respects; in addition, a certificate of appealability is denied and leave to appeal *in forma pauperis* also is denied.

## **DISCUSSION**

### A. Motion to Reconsider

Dizak argues that the Northern District did not realize at the time of transfer that there was "a potential conflict of interest" and "possible bias" in this Court. Docket Item 17 at 1 ("[O]ne or more jurists . . . were friends/associates with a principal involved in my conviction . . . ."). He claims that this Court's June 24, 2016 Decision and Order confirms that conflict of interest by prematurely concluding that he had failed to make a credible showing of actual innocence and by "fail[ing] to address or acknowledge two additional submissions of newly discovered evidence." *Id.*

Preliminarily, this Court notes that, pursuant to 28 U.S.C. § 1404(a), it has jurisdiction to adjudicate the petitioner's motion to reconsider the Northern District's order transferring the petition to the Western District of New York. *See Lothian Cassidy, LLC v. Lothian Exploration & Dev. II, L.P.*, 89 F.Supp.3d 599 (S.D.N.Y. 2015) (the transferring court loses its jurisdiction over the case once transfer is ordered and the files are physically transferred to the receiving court, unless that order is void).

As to the substance of the petitioner's motion, his vague claims of conflict of interest and bias[3] are unsupported and provide no basis for this Court to reconsider the

---

[3] This Court has no idea to whom Dizak refers when he states that "[o]ne or more jurists . . . were friends/associates with a principal involved in my conviction." Indeed, this Court does not know who the "one or more jurists" are; who the "principal" is; or how any of them were "friends/associates." Dizak does refer to one attorney who cited a "conflict of interest" when terminating his representation of the petitioner. Docket Item

3

Northern District's transfer order.  Clearly, Dizak disagrees with this Court's Decision and Order.  But a "motion for reconsideration is not a device intended to give an unhappy litigant one additional chance to sway the judge."  See *Nossek v. Bd. of Educ. of Duanesburg Cent. Sch. Dist.*, 1994 WL 688298, at *1 (N.D.N.Y. Nov. 10, 1994) (quoting *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D.Va.1977)).

The petitioner has not provided any specifics that might give rise to the recusal of any judge in this district, let alone the undersigned.  See 28 U.S.C.§ 455(b).  Nor does this Court's earlier Decision and Order, although unfavorable to the petitioner, reasonably suggest that this Court is biased against him.[4]  Accordingly, there is no reason to reconsider the Northern District's order transferring the petition to this Court, and the petitioner's motion is denied.

## B. AEDPA Statute of Limitations

### 1. Grounds One, Three, and Four Are Untimely.

This Court's prior Decision and Order specifically addressed the one-year period of limitations applicable to a state prisoner's petition for a writ of habeas corpus set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1), and it explained why the petition at bar appeared to be untimely.  See Docket Item 13 at 2-7.  Under § 2244(d)(1)(A), the period of limitations runs from "the

---

23 at 17-18.  But that has little to do with the petitioner's point now: that a jurist who is involved in the case should not be.

[4] 28 U.S.C. § 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  Dizak provides no reason to question this Court's impartiality other than that he is unhappy with this Court's ruling.  He observes that this Court found that he had not made any showing of actual innocence before he ever attempted to make such a showing.  But that was the point of the prior decision, which explicitly provided him with notice and an opportunity to make that showing.

4

date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Dizak's conviction therefore became "final" on February 17, 2013—90 days after he finally was denied leave to appeal to the New York Court of Appeals. *See Epps v. Poole*, 687 F.3d 46, 49 (2d Cir. 2012) (stating petitioner's conviction became "final" three months after the appellate court denied him leave to appeal). Once the New York Court of Appeals denied his motion for reconsideration of the order denying him leave to appeal, Dizak had 90 days to seek a writ of certiorari in the Supreme Court. S. Ct. R. 13(1); *Dove v. Lee*, 2015 WL 893071, at *3, n.7 (N.D.N.Y. Mar. 2, 2015). Because he did not move for certiorari and there were no statutory tolls, the period of limitations expired one year later, on February 17, 2014.

Dizak did not file the instant petition until April 15, 2016—nearly two years and two months after the statute of limitations expired. Because he did not file his two state post-conviction motions for collateral relief until May and June 2015, which were after the period of limitations had already expired, those motions did not toll the period of limitations. *See Smith*, 208 F.3d at 17 ("[28 U.S.C. §] 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending."). So unless Dizak can show actual innocence or the applicability of some tolling provision that is not apparent on its face, his petition is time barred.

**2. Petitioner's Reply and Other Submissions Do Not Entitle Him to Relief.**

**a. Actual Innocence**

Dizak's reply and other submissions with respect to Grounds One, Three, and Four focus primarily on the ground of actual innocence.

5

A petitioner who makes a showing of actual innocence has an equitable exception to AEDPA's one-year statute of limitations. *McQuiggin*, 133 S.Ct. at 1928, 1931; *Rivas v. Fischer*, 687 F.3d 514, 551-52 (2d Cir. 2012). "'Actual innocence' means factual innocence, not mere legal insufficiency." *Dunham v. Travis*, 313 F.3d 724, 730 (2d Cir. 2002) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare[.]" *McQuiggin*, 133 S. Ct. at 1928. "The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 1936 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).[5]

"[A] claim of actual innocence must be both "credible" and "compelling." *Rivas*, 687 F.3d at 541 (citing *House v. Bell*, 547 U.S. 518, 521, 538 (2006)). For a claim to be "credible," it must be supported by "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Rivas*, 687 F.3d at 541 (quoting *Schlup*, 513 U.S. at 324). "'[N]ew and reliable' [evidence] includes: signed, notarized, and sworn statements of alibi witnesses . . . ; written recantation of the prosecution's only witness . . . ;

---

[5] The Supreme Court has "not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence," *McQuiggin*, 133 S.Ct. at 1931 (citation omitted), as opposed to recognizing actual innocence as a gateway to pursuing constitutional claims on their merits notwithstanding their untimeliness. *See DiMattina v. United States*, 949 F.3d 387, 414-18 (E.D.N.Y. 2013); s*ee also Rivas*, 687 F.3d at 553 (in case where petitioner did not advance freestanding actual-innocence claim, finding "credible and compelling claim of actual innocence" to excuse one-year statute of limitations bar).

6

unchallenged testimony of expert forensic pathologist . . . ; and DNA testing . . . ." *Barrientos v. Lee*, 2015 WL 3767238, at *12 (S.D.N.Y. June 17, 2015) (adopting Report and Recommendation) (internal citations omitted). "For the claim to be 'compelling, the petitioner must demonstrate that 'more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt—. . . that more likely than not any reasonable juror would have reasonable doubt." *Rivas*, 687 F.3d at 541 (quoting *House*, 547 U.S. at 538).

Dizak's reply and other submissions do not even attempt to show that he actually is innocent. Indeed, instead of arguing that he is actually innocent premised on new evidence, Dizak critiques the prosecutor's key witnesses and their testimony (Docket Item 23 at 7-10, 11-13, 19-20); criticizes improper prosecutorial vouching for the witnesses' credibility (*id.* at 6-8); raises alleged evidentiary errors, including alteration and redaction (*id.* at 6, 8-9); and complains about the alleged conversion of the conspiracy charge on which he was indicted to a kidnapping charge (*id.* at 7-8, 10). With respect to each of these arguments, Dizak also claims that his trial counsel was ineffective for consistently failing to object. *Id.* at 6-10. At best, Dizak challenges the sufficiency of the evidence and the fairness of his trial; he does not provide any reason to believe that he is actually innocent of the crimes on which the jury convicted him. *See Dunham*, 313 F.3d at 730; *McKenzie v. United States*, 2015 WL 6680108, at *16 (E.D.N.Y. Nov. 2, 2015) ("Where the new evidence only speaks to a witness's credibility, and not to the petitioner's innocence, the evidence is insufficient to excuse a procedural default.") (appeal pending) (citing *Donato v. United States*, 2012 WL 4328368, at *3 (E.D.N.Y. Sept. 20, 2012) (other citation omitted)).

For that reason, Dizak's claim is not based on the "touchstone" used to determine whether an otherwise time-barred or defaulted claim should be adjudicated on the merits—namely, factual and actual innocence. *DiMattina v. United States*, 949 F. Supp. 2d 387, 418 (E.D.N.Y. June 13, 2013) ("That is why factual innocence is the touchstone in deciding whether a petitioner's otherwise-defaulted claim of constitutional error should be heard.") (citing *McQuiggin*, 133 S.Ct. at 1928). Because Dizak has not raised a "tenable actual-innocence gateway plea," *McQuiggin*, 133 S.Ct. at 1928, that would serve as an exception to the AEDPA statute of limitations, Grounds One, Three, and Four of his petition are dismissed as untimely.[6]

**b. Factual Objection to Ground One**

Dizak also has raised a factual objection to the Decision and Order: He claims that he became aware of jury note #2 (the basis for Ground One)—not jury note #1 (the basis for Ground Two), as this Court discussed in the Decision and Order—in March 2015. Docket Item 23 at 15-16.

Dizak asserts that he was not in court during the discussion of jury note #2, which he claims addressed a substantive issue. *See id.* If that is so, and if, through

---

[6] Dizak's most recent submissions also re-address the timeliness and merits of Ground Two. Docket Item 23 at 16-17. This Court's June 24, 2016 Decision and Order, however, provided him with the opportunity to address the timeliness of only Grounds One, Three, and Four; it did not invite Petitioner to re-argue Ground Two. To the extent the petitioner's Reply and other submissions argue either the timeliness or merits of Ground Two, therefore, the Court construes such argument as a request to reconsider the Court's denial of Ground Two. *See* Docket Item 13 at 7-8 (citing 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts). That request is denied because there are no legitimate grounds for reconsideration. *See Virgin Atl. Airways, Ltd.*, 956 F.2d at 1255; *see also Amerisure Ins. Co. v. Laserage Tech. Corp.*, No. 96-CV-6313, 1998 WL 310750, at *1 (W.D.N.Y. Feb. 12, 1998) (citing *United States v. Adegbite*, 877 F.2d 174, 178 (2d Cir. 1989)).

reasonable diligence, Dizak could not have discovered until March 2015 the fact that the discussion of a substantive trial issue occurred outside his presence, then Ground One might have been timely under 28 U.S.C. § 2244(d)(1)(D) ("The limitation period shall run from the latest of . . . the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.").[7] But Dizak was—or should have been—aware of any issue with respect to jury note #2 long before March 2015.

On March 16, 2012, the New York State Supreme Court, Appellate Division, Fourth Department, affirmed Dizak's judgment of conviction. Docket Item 1 at 2 (¶¶ 9(a)-(f)).[8] Dizak was represented by counsel on that appeal. The trial transcript—necessarily part of the record on that appeal, Rules of the App. Div. 4th Dep't, 1000.4(a)(2)—records the entire colloquy between the court and the attorneys on how to respond to jury note #2 and subsequent related notes. Docket Item 5 at 10-13. Because Dizak had access to the transcript, he was—or certainly should have been—aware of anything that occurred outside his presence at trial, including specifically any discussion of jury note #2 that occurred outside his presence. Indeed, his brief to the Appellate Division, filed October 3, 2011, is replete with citations to the trial transcript, including to the very page where the trial court begins addressing jury note #2. *See* Def.-App.'s Br. at 7; Docket Item 5 at 10-13. So Dizak knew about that discussion of

---

[7] If Dizak did not learn about the basis for Ground Two of his petition until March 2015, then his post-conviction state court motions for collateral relief filed in May and June 2015 may have tolled the statute of limitations on Ground Two, making that claim timely. *See Smith*, 208 F.3d at 17 (discussing tolling under 28 U.S.C. § 2244(d)(2)).
[8] *People v. Dizak*, 93 A.D.3d 1182, 1183, 940 N.Y.S.2d 408 (4th Dep't), *lv. denied* 19 N.Y.3d 972, *reconsideration denied* 20 N.Y.3d 932 (2012).

9

the jury notes no later than October 2011 when his brief was filed. And Dizak does not allege anywhere in his petition or his response to this Court's order to show cause that he somehow lacked access to the record, the trial transcript, or the exhibits[9] upon which he based his appeal.

In fact, the transcript that Dizak has submitted to this Court actually includes an explicit indication that he was present at the discussion of the jury note. Prior to the discussion of the jury notes the court received from the jury—including the note concerning the definition of conspiracy—the court reporter noted: "WHEREUPON ALL PARTIES ENTERED THE COURTROOM." *See* Docket Item 5 at 10, 17 (parentheses omitted). While Dizak has crossed out "ENTERED" and written "exited" in the copies of the transcript he filed with this Court, *see id.*, there is no reason to believe that the court reporter erred or that Dizak's handwritten change more accurately reports what occurred. Dizak apparently thinks that the above language addresses the court's brief adjournment and refers to the exit that occurred after that adjournment. But he offers no reason to support that assumption, which the transcript belies. In fact, the transcript very clearly refers to the parties reentering the courtroom before the discussion of the jury notes. And the court reporter's timeline explicitly says exactly the same thing: "attorneys *and defendant* present" for the discussion of jury note #2. *See* Docket Item 1-1 at 14, 20 (emphasis added).[10]

---

[9] One trial exhibit, Court Exhibit 5, memorialized the trial court's receipt of jury note #2. *See* Docket Item 1-1 at 17, 23.

[10] Dizak argued that this timeline entry also was erroneous, and he cited page 518 of the trial transcript as supposedly showing that he returned to the courtroom only after this colloquy took place. Docket Item 1-1 at 14, 20. Although Dizak failed to provide a copy of page 518 in support of his contentions, this Court obtained a copy. That page,

10

But even if Dizak had not actually been present for that discussion, he still would have known—or should have known—no later than October 2011 that the court and the attorneys discussed jury note #2. If he had not been present when the note was discussed, then he would have known that, too. And so if he had an argument on that issue, it is time barred.

Ultimately, Dizak has not shown this Court that he was unaware of the factual predicate for Ground One when his statute of limitations began to run on February 17, 2013. That period of limitations therefore expired on February 17, 2014, and Dizak's claim on Ground One is time barred.

## **CONCLUSION**

The petitioner's motion to reconsider (Docket Item 17) is denied. Because this Court previously dismissed Ground Two on the merits (Docket Item 13 at 7-11), and because Grounds One, Three, and Four of the petition now are dismissed as time barred pursuant to 28 U.S.C. § 2244(d)(1)(A), the petition is denied in all respects. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The petitioner's related motion for an evidentiary hearing and appointment of counsel (Docket Item 29) also is denied.

Moreover, because the issues raised here are not the type of issues that a court could resolve in a different manner, and because these issues are not debatable among

---

which says nothing whatsoever about the defendant's presence, entry, or exit, further corroborates the court reporter's timeline. *See* page Tr. at 518, attached *infra*. Indeed, its silence as to whether the defendant entered the courtroom speaks volumes: Dizak undoubtedly was present for the verdict (which the court also began to address on page 518); because the transcript does not show him returning to the courtroom immediately before the verdict was read, he must have been there already—and therefore present when the note was addressed.

jurists of reason, this Court concludes that the petitioner has failed to make a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), and therefore denies a certificate of appealability. Further, this Court certifies that any appeal from this order would not be taken in good faith and therefore denies the petitioner leave to appeal *in forma pauperis*. *Id.* § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438 (1962).

The petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, **within 30 days of the date of this order**. Requests to proceed *in forma pauperis* on appeal must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

## **ORDER**

IT IS HEREBY ORDERED that the petitioner's Motion to Reconsider the Northern District of New York's Transfer Order (Docket Item 17) is denied; and it is further

ORDERED that Grounds One, Three, and Four of the petition are dismissed as time barred pursuant to 28 U.S.C. § 2244(d)(1)(A), and the petition is denied in all respects; and it is further

ORDERED that the petitioner's motion for an evidentiary hearing and to appoint counsel is DENIED; and it is further

ORDERED that a certificate of appealability is denied pursuant to 28 U.S.C. § 2253(c)(2); and it is further

ORDERED that leave to appeal *in forma pauperis* is denied pursuant to 28 U.S.C. § 1915(a)(3).

The Clerk of Court is directed to close this case.


SO ORDERED.

Dated: May 10, 2017
       Buffalo, New York

                                      *s/Lawrence J. Vilardo*
                                      LAWRENCE J. VILARDO
                                      UNITED STATES DISTRICT JUDGE