UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

STUART DIZAK,

       Petitioner,

     v.                                                         16-CV-314(LJV)
                                                                      ORDER

BRIAN MCAULIFFE,

       Respondent.
_____

After this Court issued its decision and order denying the petition in this matter, petitioner Dizak filed a "Memorandum to Judge Vilardo" challenging the Court's decision.[1] *See* Docket Item 32. He also filed a notice of appeal on the same date. *See* Docket Item 33.

Despite the generic title of Dizak's memorandum, this Court will treat it as a motion for reconsideration under Fed. R. Civ. P. 59(e). *See Rich v. Assoc'd. Brands, Inc.*, 2009 WL 236055, at *1 (W.D.N.Y. Jan. 30, 2009) ("Courts ordinarily treat such motions under the scope of Rule 59(e), which provides for alteration or amendment of a judgment . . . ."). Granting or denying a motion for reconsideration is a discretionary decision, *id.* (citation omitted), but because the standard is strict, "reconsideration will generally be denied unless the moving party can identify controlling decisions or data that the court overlooked." *Abimola v. Ridge*, 181 F. App'x 97, at *2 (2d Cir. 2006). Motions for reconsideration should not be granted when the litigant simply disagrees with the court's decision or when he seeks to repeat arguments already made or raise

---

[1] The decision and order also denied Dizak's Motion for Reconsideration with respect to transfer, but Dizak did not challenge that order in his most recent filing.

new ones that he could have raised previously but did not. *Rich*, 2009 WL, at *1 (citing *Duane v. Spaulding and Rogers Mfg. Inc.*, 1994 WL 494651, at *1 (N.D.N.Y. Aug. 10, 1994)).

Dizak's filing of a notice of appeal adds another wrinkle. Generally, a federal district court and a federal court of appeals cannot simultaneously exercise jurisdiction over a case. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). "The divestiture of jurisdiction rule is, however, not a per se rule. . . . Hence, its application is guided by concerns of efficiency and is not automatic." *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996). Moreover, "if a notice of appeal is filed *after* a motion for reconsideration, the district court retains jurisdiction over the motion for reconsideration. *Rich*, at *1 (emphasis in original) (citing *Basciano v. Lindsay*, 2008 WL 1700442, at *1 (E.D.N.Y. Apr. 9, 2008) ("[W]here, as here, the notice of appeal is filed while a timely filed Rule 59(e) motion is pending, the trial court retains jurisdiction over the post-judgment motion, and the notice of appeal does not become effective until entry of an order disposing of the Rule 59(e) motion.")); *see also* Fed. R. App. P. 4(a)(4)(B)(i) ("If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.").

Here, Dizak's motion for reconsideration was timely filed on the same day that he filed his notice of appeal. The entries are not time stamped, and this Court therefore

cannot determine conclusively which was filed first. But his memorandum to the Court was docketed as Docket Item 32 and the notice of appeal was docketed as Docket Item 33, suggesting that the memorandum may have been received first. In light of that, and bearing in mind Dizak's *pro se* status, this Court assumes that Dizak filed his notice of appeal after he filed his motion for reconsideration and that this Court thus has jurisdiction to consider the petitioner's motion.

Having resolved all that, Dizak's motion for reconsideration is denied on the merits. His memorandum does not demonstrate that this Court erred in its reading of the state court trial transcript or the court reporter's timeline. Instead, it simply insists that the timeline and the transcript are incorrect. More importantly, as this Court noted in its prior decision, the result would be the same even if Dizak were correct that the court reporter erred in both the timeline and the transcript. *See* Docket Item 30 at 11 ("But even if Dizak had not actually been present" in court as he now insists, his argument still would be "time barred.").

The petitioner's motion for reconsideration under Rule 59(e) therefore is denied.

SO ORDERED.

Dated: June 26, 2017
       Buffalo, New York

*s/Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE