UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

STUART DIZAK,

            Petitioner,

    v.                                       16-CV-314-LJV
                                              DECISION & ORDER

BRIAN MCAULIFFE,

            Respondent.
_____

       In 2016, the *pro se* petitioner, Stuart Dizak, filed a petition under 28 U.S.C. § 2254 challenging his 2009 conviction in Monroe County Court on four grounds. Docket Item 1. On June 24, 2016, this Court issued a decision and order (the "first D&O") dismissing ground two on the merits and informing Dizak that grounds one, three, and four would be dismissed as time barred unless Dizak showed why those grounds were timely asserted. Docket Item 13. Dizak failed to do so, so on May 10, 2017, this Court issued a decision and order (the "second D&O") dismissing grounds one, three, and four, and therefore dismissing the petition in its entirety. Docket Item 30.

       Dizak then moved for reconsideration of the second D&O, Docket Item 32, and filed a notice of appeal to the United States Court of Appeals for the Second Circuit, Docket Item 33. On June 26, 2017, this Court denied Dizak's motion for reconsideration. Docket Item 35. Then, on March 29, 2018, the Second Circuit dismissed Dizak's appeal of the second D&O. Docket Item 36.

       Now—more than four-and-a-half years later—Dizak has moved for reconsideration of this Court's prior decisions. Docket Item 39. For the following reasons, Dizak's second motion for reconsideration is denied.

## LEGAL PRINCIPLES

Under Federal Rule of Civil Procedure 60(b)(6), a party may move for reconsideration for "any [] reason that justifies relief."  Such a motion "must be made within a reasonable time."  Fed. R. Civ. P. 60(c).

"As explained by the Second Circuit, 'the standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'"  *Kharshiladze v. Philips*, 2021 WL 1525869, at *1 (W.D.N.Y. Apr. 19, 2021) (alterations omitted) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).  "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice."  *Id.* (quoting *Virgin Atl. Airways v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).  "These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court."  *Id.* (quoting *Boyde v. Osborne*, 2013 WL 6662862, at *1 (W.D.N.Y. Dec. 16, 2013)).

## DISCUSSION[1]

As a threshold matter, Dizak's motion for reconsideration was not "made within a reasonable time."  Fed. R. Civ. P. 60(c).  This Court denied Dizak's first motion for

---

[1] The Court assumes the reader's familiarity with the underlying facts and procedural history.

reconsideration on June 26, 2017, Docket Item 35; the Second Circuit dismissed Dizak's appeal on March 29, 2018, Docket Item 36; and Dizak moved for reconsideration on December 22, 2022, Docket Item 39.  Dizak does not provide any reason why he waited more than four-and-a-half years after the Second Circuit dismissed his appeal—and more than five years after this Court first denied reconsideration—to move for reconsideration a second time.[2]  *See id.*  His motion for reconsideration therefore is denied as untimely.  *See, e.g.*, *Rodriguez v. Mitchell*, 252 F.3d 191, 201 (2d Cir. 2001) (dismissing motion for reconsideration of a section 2254 petition filed "three and one-half years from the date judgment was entered" as untimely).

But even if Dizak's motion for reconsideration were timely, this Court still would deny it on the merits.

To begin, Dizak suggests that this Court confused two of the grounds for relief asserted in his section 2254 petition.  Docket Item 39 at 1-2.  Some confusion would be understandable because ground one involves what Dizak refers to as "jury note #2," while ground two involves "jury note #1."  *See id.*; *see generally* Docket Item 1.  But the Court has reviewed the petition, Dizak's other submissions, and the Court's previous decisions, and it is confident that it did not confuse the two jury notes.  *See* Docket Item

---

[2] After the Second Circuit dismissed his appeal, Dizak mailed two letters to this Court.  The first, docketed on April 27, 2018, asked the Clerk of the Court to "confirm" that the Court had issued an order directing the correctional facility at which Dizak was confined not "to review, log, or otherwise impede [his] legal/media mail."  Docket Item 37.  The second, docketed on October 31, 2019, was entitled "Summary of Court Errors."  Docket Item 38.  That document did not request relief or ask this Court to take any action, *see id.*, so the Court did not respond to it.  Neither the April 27 letter nor the October 31 letter explain Dizak's delay in moving for reconsideration or affect the Court's analysis of the instant motion for reconsideration.

3

13 at 7-11 (dismissing ground two—involving "jury note #1"—on the merits); Docket Item 30 at 8-11 (dismissing ground one—involving "jury note #2"—as time barred).

Dizak next suggests that this Court erred in dismissing ground two (involving "jury note #1") for three reasons.  First, he argues that ground two was timely asserted.  Docket Item 39 at 2.  But ground two was dismissed on the merits, *see* Docket Item 13 at 7-11, so that argument fails.  Second, Dizak reasserts a previous argument: that jury note #1 was concealed from him, his attorney, "and even the [trial] court[']s own record."  Docket Item 39 at 1.  But this Court already has addressed that argument, *see* Docket Item 13 at 8-11, and Dizak provides no reason for this Court to reconsider that analysis.  Third, Dizak argues that this Court incorrectly "stated there was no [f]ederal equivalent to NY CPL [§] 310.30 [sic]" when it dismissed ground two, and that Federal Rule of Criminal Procedure 43(a) is a federal equivalent to section 310.30.  Docket Item 39 at 1.  Dizak is correct that section 310.30 and Rule 43(a) provide similar protection to a criminal defendant—the first in state court and the second in federal court.  But the Federal Rules of Criminal Procedure do not apply to state court proceedings such as Dizak's, so the state court did not violate Rule 43(a).  Accordingly, Dizak cannot argue that his conviction was obtained "in violation of the Constitution or laws or treaties of the United States."  *See* 28 U.S.C. § 2254.

Dizak also seems to suggest that this Court erred in dismissing ground one of his petition (involving jury note #2).  Docket Item 39 at 2.  But again, he simply asserts an argument that the Court previously addressed and does not explain why the Court should reexamine the dismissal of that claim.  *Id.* (arguing that jury note #2 "disappeared"); *see* Docket Item 30 at 8-11 (explaining that the trial transcript includes

4

discussion of jury note #2 and that Dizak therefore was or should have been "aware of any issue with respect to jury note #2 long before March 2015" when the limitations period expired).

Finally, Dizak asserts that he is actually innocent. Docket Item 39 at 2-3. But rather than providing evidence of his actual innocence, he merely states that "[a]ll of the alleged evidence has 'disappeared'" and directs the Court to an outside website. *Id.* That falls far short of establishing Dizak's actual innocence. *See* Docket Item 30 at 5-8 (explaining how a petitioner may show actual innocence).

Therefore, even if Dizak had timely moved for reconsideration, his motion still would fail on the merits because he has not raised any arguments "that might reasonably be expected to alter" this Court's previous conclusions. *See Kharshiladze*, 2021 WL 1525869, at *1.

## **CONCLUSION**

For the reasons stated above, Dizak's motion for reconsideration, Docket Item 39, is DENIED.

SO ORDERED.

Dated:   July 17, 2023
             Buffalo, New York

                                       */s/ Lawrence J. Vilardo*
                                     LAWRENCE J. VILARDO
                                     UNITED STATES DISTRICT JUDGE